CHEHARDY, Chief Judge.
On this appeal a female juvenile contests her adjudication as delinquent on a charge of resisting an officer by flight, a violation of LSA-R.S. 14:108.
The record indicates that the 15-year-old juvenile, A.G., already had been adjudicated a child in need of supervision at the time of the arrest at issue here. She had been placed in the legal custody of the Department of Health and Human Resources, Office of Human Development, by order of the juvenile court, and had run away numerous times from her court-ordered placement facilities. At the time of this arrest she again was on runaway status.
The facts of the case are as follows:
On June 23, 1988, Deputy John Meeks of the Jefferson Parish Sheriff’s Office was on routine patrol on Fourth Street in Marrero when he noticed A.G. with a black male whom he knew to be a panderer and drug peddler. Deputy Meeks, who was in uniform and driving a marked police vehicle, stopped and asked both persons to come over to his car, because he suspected A.G. was a juvenile and was violating the parish curfew law. A.G. informed the officer she was 19 years old. As the officer turned away to get his notebook out of the car, he heard the male subject tell A.G. she was in big trouble and to run. A.G. ran, but was pursued and caught by Deputy Meeks, who then arrested her for curfew violation and for resisting an officer. At no time prior to this had he told her she was under arrest.
Conceding that A.G. was not notified of her impending arrest prior to her flight, the juvenile court held nonetheless that the evidence established the juvenile knew the officer was pursuing her in his official capacity. The court noted that Deputy Meeks conveyed his intention to detain A.G. by asking her to come over to his vehicle so he could question her and that A.G. herself testified she left Algiers to go to Fourth Street because the “cops were getting hot in Algiers” and she was on runaway status. In addition, she gave her age to Meeks as 19 rather than 15. The court pointed out that Deputy Meeks had no time to tell A.G. she was under arrest because she immediately absconded when his back was turned.
At the dispositional hearing, the juvenile judge sentenced A.G. to six months in the custody of the Department of Public Safety and Corrections/Louisiana Training Institute, which seemed the only way to prevent her running away while she receives treatment.
In her first assignment of error, the appellant contends the trial court erred in finding her guilty beyond a reasonable doubt because the evidence, viewed in the light most favorable to the prosecution, does not show every element of the crime proved beyond a reasonable doubt.
The petition in this case, as amended, alleged that A.G. resisted an officer by flight and requested that she be adjudicated a delinquent. LSA-C.J.P. art. 73 states, “If the petition requests that the child be adjudicated a delinquent, the state shall prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition.”
LSA-R.S. 14:108 provides, in pertinent part, as follows:
“A. Resisting an officer is the intentional opposition or resistance to or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest * * * when the offender knows or has reason to know that the person arresting * * * is acting in his official capacity.
*855 B. (1) The phrase ‘obstruction of as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest. * * *”
To affirm a conviction of resisting an officer, therefore, the appellate court must find the State proved that an authorized officer was attempting to arrest the defendant and that the defendant had notice he was under arrest.
It is clear from Deputy Meeks’ testimony that at the time A.G. ran away he had not yet decided to arrest her because he was still unsure whether she was a juvenile, although he strongly suspected she was. Further, even if we assume that Meeks intended to arrest A.G., her only action that could constitute resisting arrest was her running away from the officer.
“Flight alone amounts to obstruction of an officer only after the officer gives notice of his intention to make an arrest.” State v. Hawkins, 422 So.2d 1155, 1156 (1982).
In this case, there is no testimony by A.G. that she was aware she was being pursued by Meeks. In addition, Meeks did not indicate that he shouted to her to stop. Thus, it is questionable whether she knew Meeks intended to arrest her. Without proof of such knowledge, the evidence is insufficient to support a conviction of violating R.S. 14:108.
Considering our ruling on the first assignment of error, it is unnecessary to address the other two assignments of error. For the foregoing reasons, therefore, the adjudication of delinquency against A.G. is reversed. Because A.G. is still subject to juvenile court review as a child in need of supervision, however, the ease is remanded for further proceedings as necessary.
REVERSED AND REMANDED.