602 So.2d 1014 (1992)
STATE of Louisiana,
v.
Tony Emil LOVE.
No. Cr91-670.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*1016 Steven Thomas, Mansfield, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY and STOKER, JJ., and PATIN, J. Pro Tem.
GUIDRY, Judge.
Defendant, Tony Emil Love, appeals his convictions and sentences on one count of public intimidation, a violation of La.R.S. 14:122, and one count of simple battery, a violation of La.R.S. 14:35. Defendant was sentenced to five years at hard labor as a habitual offender pursuant to La.R.S. 15:529.1 on the public intimidation conviction. He was sentenced to six months in the parish jail on the simple battery conviction. The sentences were set concurrently with each other and consecutively with any outstanding sentences for prior convictions.
Love, in an appellate brief filed in proper person and in a separate brief subsequently filed by his court appointed appellate counsel, assigns a total of eight trial court errors. For the reasons which follow, we reverse the conviction and sentence for public intimidation and reverse the finding that defendant is a habitual offender. The conviction and sentence for simple battery are affirmed.

FACTS AND PROCEDURAL HISTORY
On October 14, 1990, Officers Terry Pantallion and Harvey White of the Fisher and Florien Police Departments and Deputy Tommy Raimond of the Sabine Parish Sheriff's Office responded to a disturbance call at the residence of Juanita Love, mother of the defendant. After arriving on the scene, the officers were informed that Love had run out of the house with a butcher knife and he was threatening to kill everybody. The officers then immediately began a search of the surrounding area for the defendant. After a few minutes, the officers were informed that Love had returned to his mother's house. The officers returned to the house where they spotted Love who, upon being told to halt, ran down a trail near the house. Officer White, who was walking up the trail, apprehended the defendant. The defendant put up a fight and it took several officers to subdue him. Love was then handcuffed and taken to the police car fighting and kicking the entire way up the trail. At one point, he kicked Officer White in the groin, causing White to fall to the ground. In falling, White dragged both the defendant and Officer Pantallion down to the ground with him. Pantallion fell on White's knee, causing a bruise and swelling. After getting Love under control once again, the officers placed him in the patrol car. He escaped out of the opposite door of the car and began running from them again. He was finally apprehended and transported to the police station while Officer White sat in the back seat of the car with him. While being transported to the station, Love made several threatening comments directed toward White and members of his family.
Love was charged in two separate bills of information with offenses in connection with this incident. In bill of information No. 40646, he was charged with two counts *1017 of battery of a police officer (on Officers Pantallion and Vrawton), violations of La. R.S. 14:34.2, disturbing the peace, a violation of La.R.S. 14:103, and resisting an officer, a violation of La.R.S. 14:108. He was also charged by bill of information No. 40648 with public intimidation (of Officer White), a violation of La.R.S. 14:122, and second degree battery (of Officer White), a violation of La.R.S. 14:34.1. All offenses were alleged to have occurred on October 14, 1990.
On November 19, 1990, Love was tried on bill of information No. 40646 and found guilty of two counts of battery of a police officer and resisting an officer. Defendant was sentenced to 90 days in the parish jail for each battery of a police officer conviction, with the sentences to run consecutively. Defendant was also sentenced to serve 15 days in the parish jail on the resisting an officer conviction, with that sentence to run concurrently with the previous sentences. On December 10, 1990, Love was tried by jury on bill of information No. 40648 and found guilty of public intimidation and simple battery, a violation of La.R.S. 14:35, as a responsive verdict to the second degree battery charge.
On February 21, 1991, Love was charged by bill of information No. 40962 with being a habitual offender under La.R.S. 15:529.1. The habitual offender bill was based on defendant's simple burglary conviction on March 13, 1990, and his public intimidation conviction of December 10, 1990. On April 24, 1991, defendant was adjudicated a habitual offender and he was sentenced as such on the public intimidation conviction. He was also incorrectly sentenced on second degree battery instead of simple battery for which he had been convicted. On July 11, 1991, defendant was resentenced to correct the latter error. Love was sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence on the public intimidation conviction and six months in the parish jail on the simple battery conviction. These sentences were to run concurrently with each other but consecutively with any previously imposed sentence. It is these convictions and sentences originally charged under bill of information number 40648 which are the subject of this appeal.
On June 24, 1991, defendant's trial attorney filed a motion to withdraw as counsel of record which was granted by the trial court on that date. Love was then allowed to proceed in proper person. On August 19, 1991, with the help of the Allen Correctional Center Law Library staff, Love filed a motion for appeal in which he assigned the following six errors to the action of the trial court:
1. The trial court erred in denying defense counsel's motion to quash, plea of double jeopardy, whereas the doctrine of double jeopardy precludes an adjudication of guilt for simple battery and public intimidation after an adjudication of guilt is previously obtained for battery of a police officer and disturbing the peace, whereas the trial court used the same evidence to obtain both convictions.
2. The trial court erred in allowing prosecution for an offense where the gravamen of the second offense is essentially included within the offense for which the defendant was first tried; the second prosecution is barred because of former jeopardy.
3. The trial court was in error by not determining as to whether a witness possessed necessary expertise to give expert opinion, such testimony is for the trial judge to decide and not the jury, the trial court erred herein by denying defense counsel's objection.
4. The trial court erred in allowing testimony of defendant's prior criminal behavior within hearing of the triers of fact absent admonition in denying defense counsel's objection and motion for mistrial.
5. The trial court imposed an illegal sentence of five years for public intimidation. The trial court has no jurisdiction to sentence defendant to a term of imprisonment without benefit of parole, probation, or suspension of sentence.
6. The trial court erred in imposing sentence upon defendant pursuant to La. R.S. 15:529.1.
*1018 The defendant filed his original appellate brief with this court on August 29, 1991, in which he argued the merits of the above six assignments of error. On September 19, 1991, this court ordered the trial judge to hold an evidentiary hearing to determine whether Love was entitled to court-appointed counsel for purposes of this appeal. The hearing, held on October 4, 1991, resulted in the appointment of an attorney to represent defendant on appeal. On November 6, 1991, defendant's counsel filed five assignments of error, three of which were duplicative of errors number 1, 2 and 4 previously filed by defendant in proper person. In addition, defendant's counsel filed the following two nonduplicative assignments of error which, for purposes of this opinion, shall be referred to as assignments number 7 and 8:
7. That the State of Louisiana failed to carry its burden of proof to support defendant's conviction for the offense of public intimidation.
8. That the State of Louisiana failed to carry its burden of proof that defendant is a habitual offender and, in any event, the sentence imposed was harsh, excessive and illegal.
We find merit in these two supplemental assignments of error and begin with our analysis of these assignments of error.

ASSIGNMENTS OF ERROR NOS. 7 AND 8
Defendant asserts that the State failed to present evidence sufficient to convict him on the charge of public intimidation. In reviewing the sufficiency of the evidence to support a conviction, the appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince any rational trier of fact that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). This standard of review is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983).
La.R.S. 14:122, defining the offense of public intimidation, provides, in pertinent part:
"Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee."
Public intimidation requires specific criminal intent. "The statutory crime is ... not the intentional use of force or threats upon a public employee, but rather the use of force or threats upon him with the specific intent to influence his conduct in relation to his duties." State v. Daniels, 236 La. 998, 109 So.2d 896 (La.1958)[1]; State v. Hall, 441 So.2d 429 (La.App. 2d Cir.1983).
The issue in this case is not whether Officer White is a public employee. La. R.S. 14:2(9), which defines both "public officer" and "public employee" is sufficiently broad to include police officers. The critical inquiry is whether the evidence, both direct and circumstantial, when viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to conclude that Love's threatening comments directed toward White and the latter's family were made with the requisite specific intent to influence Officer White's conduct in relation to his position, employment, or duty.
Specific intent, defined in La.R.S. 14:10(1), is "... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act". Specific intent is a state of mind and need not be proved as fact but *1019 may be proved from circumstances of the transaction and actions of defendant. State v. Brooks, 505 So.2d 714 (La. 1987), certiorari denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); rehearing denied, 484 U.S. 1021, 108 S.Ct. 737, 98 L.Ed.2d 684 (1988).
Officer White testified that, while Love was being walked up the trail, the defendant threatened to kill White several times. On the way to the Sheriff's Office, Love additionally threatened to burn down White's house with his family in it. He repeated this threat several times and also spit in White's face. This testimony was corroborated by Deputy Raimond, the driver of the police vehicle. This was the only evidence presented at trial on the public intimidation charge. Viewing this evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could not have concluded beyond a reasonable doubt that the specific intent element of the crime of public intimidation was proven. Granted, the defendant was clearly angry with White and directed these serious threats toward White in an effort to vent his anger. However, this in and of itself is not sufficient to prove a specific intent on the part of Love to influence White's conduct in relation to his position, employment, or duty. The threats were directed toward White personally and his family members. There is no evidence in the record to indicate that White was in a position to grant Love lenient treatment or release from confinement. At the time, Love was handcuffed and already under arrest. Love did not indicate in any way that the threats were intended to influence White's behavior. In other words, the threats were not made in an "or else" fashion. The threats were not made with the intent to influence White in the manner prohibited by the statute. The threats made and actions taken by Love do not constitute public intimidation within the meaning and intendment of La.R.S. 14:122. Therefore, we conclude that defendant Love was erroneously convicted of the offense of public intimidation. Accordingly, his conviction of this offense is reversed and set aside.
Love was sentenced as a habitual offender on the authority of La.R.S. 15:529.1 to five years at hard labor without benefit of parole, probation or suspension of sentence for public intimidation. Defendant's status as a habitual offender was based on the public intimidation conviction and a prior simple burglary conviction of March 13, 1990. Because we find that the public intimidation conviction must be reversed, it logically follows that said conviction could not be used to support the court's subsequent finding that Love was a habitual offender. As such, this finding is also erroneous as is the sentence imposed by the trial court for public intimidation. The defendant's sentence is also reversed and set aside.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends that the trial court erred in denying his motion to quash. Love asserts that the doctrine of double jeopardy precludes an adjudication of guilt for simple battery and public intimidation after an adjudication of guilt is previously obtained for battery of a police officer since they constitute the same offense and the court used the same evidence to obtain the convictions. Defendant also asserts that the trial court erred in allowing prosecution for an offense where the gravamen of the second offense is essentially included within the offense for which the defendant was first tried. Since we have reversed the conviction and sentence for public intimidation, we pretermit any discussion of the applicability of the principle of double jeopardy to that offense. Thus, our discussion will be limited to the adjudication of guilt for simple battery and the applicability of double jeopardy thereto.
The definition of double jeopardy is given in La.C.Cr.P. art. 591 which provides:
"No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions *1020 of Article 775 or ordered with the express consent of the defendant."
La.C.Cr.P. art. 596 provides:
"Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and also to protect an accused against multiple punishment for the same conduct. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Vaughn, 431 So.2d 763 (La.1983).
Louisiana uses both the "Blockburger test" and the "same evidence test" in determining whether double jeopardy exists. La.C.Cr.P. art. 596; State v. Vaughn, supra, and cases cited therein. The "Blockburger test" was set out by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the court stated:
"... The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not ..."
The "same evidence test" has been adopted by the Louisiana Supreme Court and was explained by the court in State v. Steele, 387 So.2d 1175 (La.1980), as follows:
"If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial ...
The `same evidence test' is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." (Citation omitted). Id. 387 So.2d at 1177 (La.1980).
Therefore, "double jeopardy provisions protect an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct". State v. Vaughn, supra, at page 767, and cases cited therein.
However, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy. State v. Nichols, 337 So.2d 1074 (La.1976). Louisiana has not adopted a "same transaction" test which would prohibit, on double jeopardy grounds, prosecutions for different crimes committed during one sequential, continuing course of conduct. City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975).
In the instant case, defendant was originally tried and convicted on November 19, 1991, of battery of police officers Pantallion and Vrawton, and resisting officers White and Pantallion and Deputy Raimond. These convictions were initiated by bill of information No. 40646. Subsequently, on December 10, 1991, Love was tried and convicted of simple battery on Officer White. This conviction was a responsive verdict to the charge of second degree battery on White initiated against Love by bill of information No. 40648. The two battery of a police officer offenses and the one simple battery offense for which Love was tried and convicted were committed in the same criminal episode; however, each offense was separate and distinct from the other because each was committed against a different officer. The trial court found *1021 this established fact precluded the application of double jeopardy to the second prosecution. Under the principle enunciated in State v. Nichols, supra, this finding was correct.
The only claim which defendant could then assert under his second contention that the gravamen of the second offense is essentially included within the offense for which the defendant was first tried is whether his conviction for resisting an officer should have precluded his conviction for simple battery. The crime of resisting an officer is defined in La.R.S. 14:108 which provides:
"A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase `obstruction of' as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
. . . . .
(2) The word `officer' as used herein shall include deputy sheriffs, municipal police officers, and wildlife enforcement agents."
To affirm a conviction of resisting an officer, the appellate court must find the State proved that an authorized officer was attempting to arrest the defendant and that the defendant had notice he was under arrest. State in the Interest of A.G., 537 So.2d 853 (La.App. 5th Cir.1989).
La.R.S. 14:35 provides "Simple battery is a battery committed without the consent of the victim". Using the Blockburger test, it is apparent from the definitions of each of these offenses that each crime requires proof of an additional fact which the other does not. Resisting an officer requires the proof of an attempt to arrest along with the defendant's knowledge that he was under arrest. Simple battery requires proof of a battery without the consent of the victim. Under Blockburger, there is no double jeopardy violation for the conviction of each of these offenses.
Additionally, some of the evidence used to obtain the resisting an officer conviction would not have supported the simple battery conviction. Under the definition provided in La.R.S. 14:108(B)(1)(a), Love actually resisted arrest after having been handcuffed and placed into the police car when he tried to escape out of the other side of the automobile and ran from the officers. Defendant committed the simple battery prior to being placed in the police car for the first time when he purposefully kicked Officer White in the groin while being walked up the trail toward the car. Obviously, the evidence needed to convict on these two crimes is totally different since the crimes occurred at different times and at different places.
The trial court correctly determined that no double jeopardy violation existed in this case. Accordingly, these assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred by not determining whether a witness possessed necessary expertise to give an expert opinion. Specifically, Love asserts the trial court erred in allowing Dr. Larry Cox to testify without requiring the State to lay the proper foundation as to whether Dr. Cox could be used as an expert witness.
La.Code of Evidence art. 602 provides:

*1022 "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This Article is subject to the provisions of Article 703, relating to opinion testimony by expert witnesses."
La.Code of Evidence art. 701 provides:
"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue."
La.Code of Evidence art. 702 provides:
"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."
Dr. Cox testified that he examined Officer White on October 15, 1990. The patient had swelling around his knee and was given anti-inflammatory medication and released. Dr. Cox did not give any opinions which would have required him to be qualified as an expert under La.Code of Evidence art. 702. His only opinion, that the injury was not serious and would heal within a few weeks, was rationally based on his perception as required of lay witnesses under La.Code of Evidence art. 701. Dr. Cox's testimony was proper because there was sufficient evidence to prove he had personal knowledge of the matter about which he was testifying. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 4
Love next contends that the trial court erred in allowing testimony of his prior criminal behavior in the jury's presence. The trial court, according to defendant, should have granted his motion for a mistrial or, at the very least, admonished the jury to disregard the remark. Officer White testified that defendant had been sent to reform school as a child.
La.C.Cr.P. art. 770(2) provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; * * *"
In the instant case, Officer White testified as follows when asked questions by defense counsel:
"Q: Have you ever accused Tony of getting your son in trouble as a juvenile?
A: No, sir, I never have.
Q: Okay. They ran together when they were younger?
A: No. Tony was in reformatory school; no, they hadn't run that much together.
Q: Okay."
Defense counsel immediately moved for a mistrial after this statement. The trial judge denied the motion for mistrial because he did not think it was prejudicial and he was not sure the jury understood who the witness was talking about when he made the statement.
A testifying police officer is not an "official" within the meaning of La.C.Cr.P. art. 770(2). State v. Hayes, 414 So.2d 717 (La.1982); State v. Foote, 379 So.2d 1058 (La.1980). In the case sub judice, the trial court correctly denied the motion for mistrial because the indirect and ambiguous reference to other crimes of the defendant was made by a police officer, not a "court official". Thus, La.C.Cr.P. art. 770 did not apply.
The trial court did not admonish the jury to disregard Officer White's remark about reform school. On this point, La.C.Cr.P. art. 771 provides:

*1023 "In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
In State v. Henry, 461 So.2d 484 (La. App. 3rd Cir.1984), writ denied, 464 So.2d 313 (La.1985), we held that when a police officer makes an improper reference to another crime committed or alleged to have been committed by the defendant, the proper remedy is an admonition to the jury. In State v. Barry, 428 So.2d 521 (La.App. 2d Cir.1983), the court held that the police officer's testimony indicating that the defendant's identity had been obtained from police records was not prejudicial, nor was the trial court's failure to admonish the jury absent a request for admonition by the defendant.
The statute in question clearly requires the party ostensibly aggrieved by the comment to request that the trial court admonish the jury to disregard the remark. There is nothing in the record to indicate that defendant made such a request concerning Officer White's comment. Without a request for admonition, the trial court was under no duty to do so. Additionally, the trial court's failure to admonish the jury was not prejudicial to the defendant. The statement at best could be the basis of an inference of another crime. It did not directly refer to another crime. This ambiguous reference to reform school was not prejudicial evidence of other crimes which would mandate reversal. Thus, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
We pretermit any discussion of these assignments of error which concern the conviction and sentencing of defendant as a habitual offender. These two assignments of error are moot.
For the above and foregoing reasons, defendant's conviction and the sentence imposed for the crime of public intimidation are reversed and set aside. Additionally, the adjudication and sentence of defendant as a habitual offender is also reversed and set aside. Defendant's conviction and the sentence imposed for the crime of simple battery are affirmed.
AFFIRMED IN PART and REVERSED IN PART.
NOTES
[1] We recognize that State v. Daniels, was later expressly overruled by the Louisiana Supreme Court in the case of State v. Gatlin, 241 La. 321, 129 So.2d 4 (La.1961). However, Daniels was overruled only insofar as it had improperly held that a defendant could be acquitted and discharged on appeal of a denied motion for a new trial. The proper remedy in State v. Gatlin was held to be remand for a new trial. State v. Gatlin did not overrule the specific intent rule expressed in Daniels.