NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-381

STATE OF LOUISIANA

VERSUS

JOHN J. LANDRY, III

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25891-12
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.

CONVICTIONS AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.

John F. DeRosier
District Attorney
Robert "Rick" Bryant
Carla S. Sigler
Karen C. McLellan
Assistant District Attorneys
Fourteenth Judicial District Court
901 Lakeshore Drive, Suite 800
Lake Charles, Louisiana  70601
(337) 437-3400
COUNSEL FOR APPELLEE:
 State of Louisiana

Edward J. Marquet
Louisiana Appellate Project
Post Office Box 53733
Lafayette, Louisiana  70505-3733
(337) 237-6841
COUNSEL FOR DEFENDANT/APPELLANT:
 John J. Landry, III

John J. Landry, III
Angola State Prison
Camp C Tiger 3 Right #7
Louisiana State Penitentiary  70712
IN PROPER PERSON

**Conery, Judge.**

Defendant, John J. Landry, III, was charged in an indictment filed on August 23, 2012, with first degree murder, a violation of La.R.S. 14:30, and simple robbery, a violation of La.R.S. 14:65. Defendant entered a plea of not guilty on October 29, 2012. On October 16, 2014, Defendant filed a Motion to Waive Trial By Jury.

On January 21, 2015, count one of the indictment was amended to second degree murder, a violation of La.R.S. 14:30.1. Defendant then entered a plea of not guilty to the amended charge. A bench trial commenced the same day, and the Defendant was found guilty of second degree murder and simple robbery. The Defendant waived legal delays for sentencing and was sentenced to serve life imprisonment without benefit of probation, parole, or suspension of sentence for second degree murder and to seven years at hard labor for simple robbery. The sentences were ordered to run concurrently. A Motion for Out-of-Time Appeal was filed on December 17, 2015, and was granted.

Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requesting that this court grant his accompanying motion to withdraw. Defendant was advised, via certified mail, that counsel filed an *Anders* brief. Defendant was given until August 16, 2016, to file a pro se brief, and, to date, he has not done so. For the following reasons, we affirm Defendant's convictions and sentences and grant appellate counsel's motion to withdraw.

## FACTUAL BACKGROUND

On July 11, 2012, Defendant entered the home of eighty-three-year-old Preston Lebleu at the Chateau du Lac apartments at 333 Mill Street in Lake Charles. After a struggle, Defendant bound Mr. Lebleu's hands with bedding and his feet with a sweatshirt and then wrapped a comforter over his face, shoving it into his mouth. Defendant then took what money he could find and left Mr. Lebleu bound and gagged. On July 12, 2012, maintenance workers discovered Mr. Lebleu, who by then had expired.

The coroner opined that Mr. Lebleu died of suffocation. The coroner's report noted bruises on the inner surfaces of the upper and lower lips, a fracture of the "left greater horn of the hyoid bone," and scrapes and bruises on the head, trunk, and upper and lower extremities. The scrapes and bruises were consistent with a "possible struggle occurring during life."

Defendant claimed to have been high on crack cocaine during the event and off medication for bipolar disorder for three months prior to Mr. Lebleu's death.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## *ANDERS* ANALYSIS

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel filed a brief stating that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*], 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the [trier of fact] for its consideration." *Id*. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, counsel addresses the testimony presented at trial. He points out that the coroner who performed the autopsy on Mr. Lebleu opined that he died of suffocation. He notes that Defendant admitted to binding and gagging Mr. Lebleu and taking his money and further notes that Defendant did so while high on crack cocaine. Counsel acknowledges Defendant presented no direct evidence of the amount of crack cocaine he consumed or any expert testimony about the effects that drug may have had on his cognitive abilities.

Appellate counsel also discussed the testimony of Detective Richard Harrell, who took a statement from the Defendant after he was *Mirandized* wherein the Defendant admitted entering Mr. Lebleu's apartment, wrestling with Mr. Lebleu, putting a sock in his mouth, and binding his hands and feet. Defendant further informed police that he had no intention of returning to check on Mr. Lebleu. Counsel concedes the evidence was sufficient to support a finding of specific intent to kill or inflict great bodily harm.

Pursuant to *Anders* and *Benjamin*, we performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts, and have confirmed the statements made by appellate counsel. Defendant was properly charged in the indictment, he was present and represented by counsel at all crucial stages of the proceedings, the verdicts were correct, and he received legal sentences.

As noted by appellate counsel, Defendant testified he "was high out of [his] mind" when he went to Mr. Lebleu's apartment.

> Voluntary intoxication will not excuse a crime, but it is a defense to a specific intent offense if the circumstances demonstrate that intoxication precluded formation of the requisite intent. *See* La. R.S. 14:15(2); *State v. Legrand*, 02-1462, p. 7 (La.12/3/03), 864 So.2d 89, 95-96. The defendant has the burden of proving his intoxication

> defense; thereafter, it falls to the state to negate that defense by showing beyond a reasonable doubt that specific intent was present despite the defendant's alleged intoxication. *See State v. Smith*, 94-2588, p. 5 (La.App. 4 Cir. 3/27/96), 672 So.2d 1034, 1038, *citing State v. Davis*, 92-1623, p. 10 (La.5/23/94), 637 So.2d 1012, 1020. Whether voluntary intoxication in a particular case is sufficient to preclude specific intent is a question to be resolved by the trier of fact. *See Davis*, 92-1623 at 10, 637 So.2d at 1020.

*State v. Mickelson*, 12-2539, pp. 6-7 (La. 9/3/14), 149 So.3d 178, 183 (footnote omitted). The trial court clearly rejected any claim of intoxication in this matter. Under La.R.S. 14:30.1, second degree murder is defined as the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm. During its closing remarks, the State did argue that the Defendant had the specific intent to kill or inflict great bodily harm. We find the record sufficient to support Defendant's conviction based on specific intent to kill or inflict great bodily harm.

### FELONY MURDER DOCTRINE AND DOUBLE JEOPARDY

Louisiana Revised Statutes 14:30.1 also defines second degree murder as the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of simple robbery, or another enumerated felony, even though the offender has no intent to kill or to inflict great bodily harm. "Double jeopardy exists where a defendant is convicted of felony-murder and the underlying felony" in two separate episodes or transactions. *State v. Brown*, 567 So.2d 1152, 1154 (La.App. 3 Cir. 1990).

"However, an accused who commits separate and distinct offenses during the **same criminal** episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy. *State v. Nichols*, 337 So.2d 1074 (La.1976)." *State v. Love*, 602 So.2d 1014, 1020 (La.1992) (emphasis added).

During its opening statement, the State asserted:

I just think that it would be unwise on my part to put on some long presentation for Your Honor, who was a criminal attorney and understands this and understands the burden that we have, which is to show that there was an intent to kill or inflict great bodily harm under the section it was submitted to or there was a killing during the perpetration of a simple robbery, which we believe was what was going on in this particular case.

Of note are the following comments made by the judge just prior to finding the Defendant guilty of second degree murder:

Now, the State has alleged second-degree murder. And, Mr. Bryant, you did argue but one subsection of the statute and I think that was successfully done. But, as the judge of this matter, I can consider the evidence and the law and make the findings that I think are appropriate. And second-degree murder can also be the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of various offenses, including robbery. It's called felony murder. The law looks at that in a very strong fashion because if I and several others engage in the perpetration or attempted perpetration of one of these enumerated felonies and one of my cohorts died, I'm still guilty of second-degree murder. Mr. Lebleu died an untimely death at the hands of Mr. John Landry in a manner which fits the statute of second-degree murder.

While the judge did not specifically declare he found the Defendant guilty of second degree murder under the felony murder doctrine, appellate counsel conceded the evidence was sufficient to support second degree murder wherein the Defendant had the specific intent to kill or inflict great bodily harm upon Mr. Lebleu. *Cf. State v. Boyer*, 10-693 (La.App. 3 Cir. 2/2/11), 56 So.3d 1119, *writ denied*, 11-769 (La. 1/20/12), 78 So.3d 138. *cert. granted in part*, __ U.S. __, 133 S.Ct. 420 (2012), *cert. dismissed as improvidently granted*, __ U.S. __, 133 S.Ct. 1702 (2013) (finding the defendant's convictions for second degree murder and armed robbery did not violate double jeopardy). We find that the evidence in this case supports a conviction under either theory.

In his *Anders* brief, appellate counsel also failed to address the Defendant's sentences. No objection to the sentences was made at the time they were imposed, and no motion to reconsider the sentences was filed. Thus, we decline to review the sentences imposed. La.Code Crim.P. art. 881.1; *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356. We note that second degree murder carries a mandatory life sentence, and mandatory sentences are presumed to be constitutional. La.R.S. 14:30.1; *State v. Sizemore*, 13-529, 13-530 (La.App. 3 Cir. 12/18/13), 129 So.3d 860, *writ denied*, 14-167 (La. 8/25/14), 147 So.3d 699. Furthermore, the sentence for simple robbery was ordered to run concurrently to the Defendant's sentence for second degree murder. We affirm Defendant's sentences.

## DISPOSITION

Having found no issues to support an assignment of error on appeal, we affirm the Defendant's convictions and sentences, and we grant appellate counsel's motion to withdraw.

**CONVICTIONS AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2–16.3.