259 So.2d 26

**STATE of Louisiana**

v.

**Leerony THAMES.**

No. 52024.

March 8, 1972.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellant.

Seale, Smith & Phelps, Donald S. Zuber, Baton Rouge, for defendant-appellee.

PER CURIAM.

A charge of aggravated battery, La.R.S. 14:34, was brought against the defendant, Leerony Thames, growing out of a barroom altercation. The defendant had previously been charged with criminal damage to property under the Baton Rouge City Code, 13:20, for alleged damage to property occurring during the same barroom altercation. He was found not guilty of the charges lodged against him in the municipal court.

Prior to trial on the state charges of aggravated battery, the defendant filed a motion to quash the bill of information based upon a plea of former jeopardy. The district judge sustained the plea of former jeopardy and for undesignated oral reasons quashed the information. The State reserved and perfected a bill of exceptions to the trial judge's ruling and urges that ruling be overturned by way of this appeal.

We find there is merit to the State's argument. The defendant was not tried in both courts for the "identical offense" or same crime. La.C.Cr.P. art. 596; Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). There is no showing in the record before us that the second

prosecution should be barred under the collateral estoppel doctrine. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469 (1970).

For the reasons assigned, the District Court's ruling is reversed and the case remanded for further proceedings.

BARHAM, J., concurs and assigns reasons.

BARHAM, Justice (concurring).

While collateral estoppel under guarantee against double jeopardy (United States Constitution, Fifth Amendment, and Louisiana Constitution, Article I, Section 9) may be a valid plea at some point in this proceeding, the merit of that plea cannot now be determined. Double jeopardy per se cannot be pleaded since the two offenses charged in the different jurisdictions (city court, district court) are not the same and do not require the same elements. See Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Although the offense charged here is a separate and distinct offense from the one of which the defendant has been acquitted, Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), may apply if on the trial it is established that the essential elements used for conviction here are identical with the elements used in the prior charge which resulted in an acquittal. Double jeopardy may be pleaded at any time, even after conviction, but our Code of Criminal Procedure Articles 594 and 859 and the redactors' comments state that it can be pleaded only once. Our denial of the plea here, however, on this record will not bar a consideration of the plea based upon a different record, i. e., the trial record when the latter is necessary for the proper determination of the validity of the plea. Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 (1971).

I respectfully concur.