337 So.2d 1074 (1976)
STATE of Louisiana
v.
Dewitt O. NICHOLS and Adrion D. Nichols.
No. 57578.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 13, 1976.
*1075 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., Edward E. Roberts, Jr., Asst. Dist. Atty., for plaintiff-appellant.
J. Michael Small, Gravel, Roy & Burnes, Alexandria, for defendant-appellee.
MARCUS, Justice.
Dewitt O. Nichols and Adrion D. Nichols were jointly charged by bill of information with the crime of committing aggravated battery upon John Ray Martin, a Louisiana State Police Trooper, in violation of La.R.S. 14:34. The trial judge sustained the defendants' motion to quash the bill of information on the ground of former jeopardy. The state appeals from this adverse ruling.
We note, ex proprio motu, that we lack appellate jurisdiction to entertain the state's appeal. In State v. James, 329 So.2d 713 (La.1976), we recently held that under article V, section 5(D) of the 1974 Louisiana Constitution, the state no longer has the right to invoke the criminal appellate jurisdiction of the supreme court for our review of final pre-conviction adverse judgments or rulings, except in criminal cases in which a law or ordinance has been declared unconstitutional. We stated in James that where the state desires review of such a judgment or ruling in a criminal case, application to this court for a writ of review under our supervisory jurisdiction is the proper procedure for it to follow. La.Const. art. V, § 5(A) (1974). However, since the state took this appeal before the date that the James decision was handed down (March 29, 1976), we elect to treat the state's appeal as an application for a writ of review.
The instant prosecution stems from an altercation on October 25, 1975 between defendants and Trooper Martin which developed after Trooper Martin placed Adrion Nichols under arrest for driving while intoxicated. The state alleges that Adrion Nichols and his son Dewitt, the passenger in the car at that time, fought the trooper and, during the course of the struggle, took his flashlight and radio microphone and struck him on the head with it several times. Additional troopers, responding to Trooper Martin's radio call for assistance, arrived at the scene, managed to subdue defendants, and placed them under arrest.
In addition to the present felony charge of aggravated battery upon Trooper Martin, both defendants, as a result of these incidents, were charged by bill of information with the misdemeanor offenses of simple criminal damage to property, in violation of La.R.S. 14:56, and resisting an officer, in violation of La.R.S. 14:108. Adrion Nichols was also charged with the misdemeanor of operating a motor vehicle while intoxicated, in violation of La.R.S. 14:98.
*1076 On December 5, 1975, defendants entered pleas of guilty to all of the misdemeanor charges, and on January 21, 1976, sentences for these offenses were imposed.
The issue before us is whether this prosecution for aggravated battery, after pleas of guilty to the charge of resisting an officer, places defendants in double jeopardy.[1]
Both the Louisiana and federal constitutions provide that no person shall be twice placed in jeopardy of life or liberty for the same offense. U.S.Const. amend. 5;[2] La. Const. art. 1, § 15 (1974). Article 596 of the Louisiana Code of Criminal Procedure states that double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offens for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
(Emphasis added.)
Louisiana applies the "same evidence" test for determining the identity of offenses where the plea of double jeopardy is raised. This test holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses, State v. Cain, 324 So.2d 830 (La.1975), citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of the former jeopardy. State v. Smith, 323 So.2d 797 (La. 1975); City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Bonfanti, 262 La. 153, 262 So.2d 504 (1972); State v. Foster, 156 La. 891, 101 So. 255 (1924); State v. Roberts, 152 La. 283, 93 So. 95 (1922).
Since defendants have not yet been tried on the instant charge of aggravated battery, we do not, of course, have a trial transcript to determine whether the evidence required for their conviction of that charge is the same as that necessary for their conviction of resisting arrest. We do, however, have for that purpose the state's answer to defendants' motion for a bill of particulars, in which the state sets forth the facts that it intends to prove at the trial on the charge of aggravated battery as follows:
. . . [T]he State shows that at approximately 1:45 a.m. on October 25, 1975, Louisiana State Police Trooper J. R. Martin was headed South on Louisiana Highway No. 1 North, when he observed a vehicle headed North on said highway in the south-bound lane. The Trooper had to take evasive action to avoid a collision with the vehicle. The Trooper turned his vehicle around and followed the said vehicle, noticing his erratic maneuvers, and eventually stopped the vehicle in the vicinity of Rapides Station on Louisiana Highway 1 North. The passenger of the vehicle, later identified as Dewitt O. Nichols, got out of the vehicle on the passenger's side and came around behind said vehicle and asked to talk to the Trooper. The Trooper informed the passenger that he wanted to talk to the driver of the vehicle and not him. The Trooper then proceeded to obtain the driver's license from the driver and asked him to stop out of the vehicle and back to the Trooper's vehicle. As the driver, who was later identified as Adrion D. Nichols, got out of the vehicle, he staggered back to the front of the State Police vehicle *1077 and the Trooper noticed a strong odor of alcohol on the driver's breath, noticed that his eyes were bloodshot, that his clothes were disarranged and that he was unsteady on his feet. At that particular time, and after observing the driver, the Trooper placed Adrion D. Nichols under arrest for driving while intoxicated.
The Trooper began to place handcuffs on Adrion D. Nichols and noticed that the passenger, Dewitt O. Nichols, began approaching him from the rear. In order to avoid a confrontation at that time, the Trooper did not place the handcuffs on Adrion Nichols and instead asked Adrion Nichols to get into the rear seat of the State Police vehicle. The Trooper then asked Adrion Nichols if he had a preference as to a wrecker service to pick up his 1974 Ford vehicle that he was driving at the time he was stopped. Adrion Nichols informed the Trooper that he wanted Drewett Wrecker to pull his vehicle. The Trooper called Troop E Headquarters and informed them that the subject wanted Drewett Wrecker by request and began to fill out the wrecker request form. The Trooper was sitting in the front seat of the State Police vehicle while he was filling out the wrecker request form and he got out of the vehicle to get the license number off of the subject's pickup truck. He then returned to his vehicle and opened the door to the back seat of his vehicle and asked the driver to sign the wrecker request form. The driver started to get out of the vehicle to sign the request form and the Trooper informed him to stay in the vehicle and sign the form in the vehicle. At this point Adrion Nichols pushed the Trooper back away from the unit and got out of the State Police vehicle. As the Trooper was trying to get Adrion Nichols back into the vehicle, Dewitt Nichols grabbed him from the rear and a fight ensued between Dewitt Nichols and Adrion Nichols, both beating and biting the Trooper. The Trooper was fighting and trying to make his way into the State Police vehicle front seat in order to call on his radio for assistance. The Trooper finally managed to grab his radio microphone and call for help. Adrion Nichols grabbed the mike during the fighting on the front seat of the vehicle and pulled it out of the radio and hit the Trooper in the head several times with it. The passenger, Dewitt Nichols, wrestled the Trooper's flashlight from the Trooper and was beating the Trooper with it. During the fighting, both Adrion Nichols and Dewitt Nichols kept saying that they were going to kill the Trooper.
The state's answer to the bill of particulars is corroborated by the arrest reports of Trooper Martin and the police reports of Troopers Cotton, Alderman, and Tasser, the troopers who arrived to rescue Trooper Martin from defendants' attacks.
After carefully reviewing the facts that the state will attempt to prove at the trial of this case, we are convinced that defendants' plea of former jeopardy is without merit. Defendants committed the offense of resisting an officer, as defined by La.R.S. 14:108,[3] when Dewitt Nichols *1078 jumped on Trooper Martin's back, and when both he and Adrion Nichols beat and hit the trooper. Additionally, both defendants committed the offense of resisting an officer when they continually threatened Trooper Martin that they were going to kill him. All these aforesaid actions constitute, as alleged in the bill of information, the "intentional obstruct[ion]" of Trooper Martin in his attempt to arrest defendants lawfully, in his official capacity and as authorized by law.
In contrast, the bill of information charging defendants with aggravated battery recites that they "committed a battery with a dangerous weapon, to-wit: a flash light and a radio microphone, upon T.F.C. Johnny Ray Martin." The offense of aggravated battery is defined by law as the intentional use of force or violence upon the person of another by means of a dangerous weapon. La.R.S. 14:33; La.R.S. 14:34. The proof required for conviction of this crime is the evidence that defendants intentionally struck Trooper Martin with his flashlight and radio microphone. The evidence required for conviction on the aggravated battery charge is therefore totally distinct and different from that necessary for conviction of the offense of resisting an officer.[4] Furthermore, the gravamen of the crime of aggravated battery is clearly not essentially included within the offense of resisting an officer. State v. Didier, supra.
While the charges for aggravated battery and resisting an officer may have arisen from the same criminal "episode" or "transaction,"[5] this factor does not preclude the state from prosecuting defendants for both offenses. We have consistently rejected the contention that an accused who commits separate and distinct offenses during the same criminal episode or transaction may not be prosecuted and convicted for each offense. City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La. 1974); State v. Pettle, 286 So.2d 625 (La. 1973); State v. Richmond, 284 So.2d 317 (La.1973); State v. Thames, 261 La. 96, 259 So.2d 26 (La.1972).
We conclude, therefore, that the trial judge was in error in sustaining defendants' motion to quash the bill of information based on former jeopardy.

DECREE
For the reasons assigned, the state's appeal is dismissed; its application for a writ of review is granted; the ruling of the trial court sustaining the motion to quash is reversed; and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.
TATE, J., dissents for the reasons assigned by CALOGERO, J.
CALOGERO, Justice (dissenting).
I disagree with the majority opinion in this case because I feel the prosecution of these two men is barred by the federal and state guarantees against being placed in jeopardy twice for the same offense. U.S. Const. amend. V; La.Const. art. I, § 15. This guarantee is explained in Article 596 of the Louisiana Code of Criminal Procedure as follows:
"Double jeopardy exists in a second trial only when the charge in that trial is:

*1079 (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial."
In determining whether two different charges constitute the "same offense" for purposes of the prohibition against double jeopardy, this Court in recent decades has applied what is known as the "same evidence" test. State v. Smith, 323 So.2d 797 (La.1975); State ex rel. Wikberg v. Henderson, 292 So.2d 505 (La.1974); State v. Roberts, 152 La. 283, 93 So. 95 (1922). As set forth in State ex rel. Wikberg v. Henderson, supra, this test holds that
"offenses are `the same' if the elements required to support a conviction upon one of the offenses would have been sufficient to warrant a conviction upon another. . . . Stated differently, where the gravamen of the second offense is essentially included within the offense for which first tried, the second prosecution is barred because of the former jeopardy." (footnotes omitted) (emphasis added)
An early expression of this "same evidence" test was contained in State v. Roberts, supra, as follows:
"[I]dentity of the offense is an essential element in support of a plea of autre fois [double jeopardy]. By this is not meant formal, technical, absolute identity; the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first." (emphasis added)
This language is quoted in official revision comment (a) to article 596 of the Louisiana Code of Criminal Procedure and has been cited with approval in numerous decisions by this Court. See e.g., City of Baton Rouge v. Jackson, 310 So.2d 596 (La.1975); State ex rel. Wikberg v. Henderson, supra; State v. Didier, 262 La. 364, 263 So.2d 322 (1972); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967).
Under the "same evidence" test as developed and applied by this Court, I believe that the current prosecution of Adrion and Dewitt Nichols for aggravated battery is barred by their earlier conviction for resisting an officer. The reports written by the officers for the arrest of defendants for resisting arrest include the fact that the Nichols defendants employed a flashlight and radio microphone to beat Trooper Martin. And when the defendants requested to "be informed as to the specific and exact manner the state will contend the alleged offense was committed" through their bills of particular, the state responded with a recital of facts which included the facts which the majority now contends are essential elements only of the charge of resisting arrest.
In addition, at the hearing on the motion to quash the aggravated battery bills of information, the defendants and the state stipulated as follows:
"[DEFENSE]: Additionally, [the prosecutor] and I have agreed to stipulate that the transaction or episode referred to in Paragraph Two (2) of the State's response to my Motion for Bill of Particulars in the felony charge is the transaction which gave rise to all the misdemeanor charges and the felony charge of aggravated battery. It is further stipulated that the investigative reports from the various policemen which are attached to my evidentiary offerings pertain to that one single transaction. Is that satisfactory, Mr. Ware?
"[PROSECUTION]: Yes, Your Honor, the State will stipulate that the misdemeanor charges to which they have already pled and the aggravated battery arise out of a continuous series of events which occurred within the time specified."
The state, however, contends that the conduct referred to in connection with the misdemeanor charge of resisting an officer was that conduct which occurred after the assisting troopers arrived on the scene. *1080 Thus the state's basic argument is that while defendants did commit the offense of resisting an officer at the time they fought with Trooper Martin immediately following the arrest of defendant Adrion Nichols for DWI, they committed a second resisting an officer offense at the point in time when the other three troopers arrived, and that it was this "second" offense of resisting the four officers together, to which defendants pled guilty. Based on this view of the altercation, it is contended that the state was at liberty to charge defendants with aggravated battery, rather than with resisting an officer, in connection with the "first" incident.
This distinction offered by the state is not supported by the facts as set out in the arrest reports or in the response to the motion for bill of particulars, all of which treated the incident as a single, continuing event. As charged, there was but one offense of resisting arrest which incidentally occurred over a period of time (approximately fifteen minutes in duration) and involved all four state troopers, i.e., Trooper Martin and the three officers who arrived at the scene to assist him. If we were confronted with a situation where a defendant was charged with battery on one officer and resisting as to three other officers or where a defendant was clearly charged with actual delineated sequential occurrences, I might see the plea of double jeopardy in a different light. Under the facts and circumstances of the instant case, however, it is apparent that there was a single, continuous event and that a component part of the charged offense of resisting arrest was the battery on Trooper Martin. Thus I feel that the test set forth in article 596 of the Code of Criminal Procedure, providing that double jeopardy exists in a second trial when the charge in that trial is "[b]ased on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial" (emphasis added), must be applied in the instant case.
The remaining question, therefore, is whether, under the "same evidence" test as developed and applied in this state and under the facts before us, resisting an officer and aggravated battery constitute the "same offense," so as to bar prosecution for the aggravated battery following the conviction and sentencing on the resisting charge.
La.R.S. 14:108 defines the offense of resisting an officer as follows:
"Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification and connotation mean:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregates with others on a public street and refuses to move on when ordered by the officer." (emphasis added)
As made clear in the Reporter's Comment in connection with this article, the language is general and is intended to cover not only an individual who is being arrested but also resistance or obstruction by a third person. Thus, both Adrion Nichols who was initially arrested and Dewitt Nichols who was not, committed the offense of resisting an officer.
As applicable to the instant case a battery is defined as "the intentional use of force or violence upon the person of another," La.R.S. 14:33 and aggravated battery is *1081 "a battery committed with a dangerous weapon." La.R.S. 14:34. In the instant case, the aggravated battery was the principal method by which defendants committed the offense of resisting arrest. While the two crimes are not technically or absolutely identical, as previously noted "the rule is that there must be only substantial identity. . . ." (emphasis added) State v. Roberts, supra. Here the same conduct of defendants was involved in both offenses. The evidence as to the aggravated battery is essentially identical to the evidence which supported the charges of resisting an officer.
I therefore believe that the trial court correctly held that the prosecution for aggravated battery was barred by the previous conviction on the charges of resisting an officer and that the state's application should be denied.
NOTES
[1] Defendants do not contend that the convictions for simple criminal damage to property and operating a motor vehicle while intoxicated would bar the prosecution for aggravated battery on the ground of double jeopardy.
[2] Made applicable to the states in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
[3] La.R.S. 14:108 provides:

Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
The phrase `obstruction of' as used herein shall, in addition to its common meaning, signification and connotation mean:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregates with others on a public street and refuses to move on when ordered by the officer.
Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both.
(Emphasis added.)
[4] This is not to say that evidence of the fistic encounter and the threats against Trooper Martin, i.e., the evidence of the crime of resisting arrest, would not be admissible at the trial on the charge of aggravated battery. The evidence, if admitted, would be admissible as part of the res gestae; its admission would not be required for the purpose of proving an essential element of the aggravated battery charge. See State v. Richmond, 284 So.2d 317 (La.1973).
[5] The prosecution and defendants stipulated that the resisting arrest and aggravated battery charges arose from the same criminal episode or transaction.