NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1042

STATE OF LOUISIANA

VERSUS

CHRISTOPHER SHERMAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENNTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C15026
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and J. David Painter, Judges.

AFFIRMED.

Mark O. Foster, Attorney at Law
222 Adelaide Street
Natchitoches, LA  71457
(318) 572-5693
COUNSEL FOR DEFENDANT-APPELLANT:
    Christopher Sherman

Van H. Kyzar, District Attorney
Billy J. Harrington, Assistant District Attorney
Tenth Judicial District
P. O. Box 838
Natchitoches, LA  71458-0838
(318) 357-2214
COUNSEL FOR THE STATE OF LOUISIANA

**PAINTER, Judge.**

Defendant, Christopher Sherman, appeals his convictions on the charges of armed robbery, a violation of La.R.S. 14:64, and false imprisonment while armed with a dangerous weapon, a violation of La.R.S. 14:46.1. Defendant asserts that the evidence was insufficient to convict him of these crimes and that to convict him on both charges violates his constitutional protection against double jeopardy. We affirm both convictions.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of July 15, 2008, Patrick Slater, the victim, was working as the night auditor at a motel in Natchitoches Parish. At about 4:00 a.m., Defendant walked in and asked to use the telephone. The victim dialed the number for him, but while Defendant was on the phone, an armed and masked man entered. The second man ordered the victim to get face down on the floor. Defendant then put on a mask.

Defendant used duct tape to restrain the victim and then emptied the till. The two assailants dragged the victim to the motel office. One of the men ripped out the surveillance system, and the other man retrieved bolt cutters from Defendant's backpack and cut the lock off of the motel's safe. The pair emptied the safe and also took valuables from the victim, including his cell phone. Before leaving, they ripped the motel phone out of the wall. After they were gone, the victim managed to free himself. He then ran to another motel and called 911.

The State filed a bill of information charging Defendant with armed robbery, a violation of La.R.S. 14:64, and false imprisonment while armed with a dangerous weapon, a violation of La.R.S. 14:46.1. Defendant rejected the State's plea offer in open court and waived his right to trial by jury. A bench trial began on June 1, 2010. On the same date, the trial court found Defendant guilty as charged on both counts. The trial court sentenced Defendant to twenty-five years for armed robbery and eight

years for false imprisonment while armed with a dangerous weapon. The sentences are concurrent.

Defendant now appeals his conviction, assigning two errors. First, Defendant contends that the evidence was insufficient to support his convictions. Second, Defendant contends that to convict him on both charges violates his constitutional protection against double jeopardy. For the following reasons, we affirm both convictions.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in that it is unclear exactly when Defendant's Motion for Post Verdict Judgment of Acquittal was denied. The trial court indicated prior to sentencing that it had denied Defendant's Motion for New Trial and Motion for Post Verdict Judgment of Acquittal. Although it is clear that the trial court denied Defendant's Motion for New Trial on February 15, 2011, well in advance of the April 1, 2011 sentencing, it is not clear that it had denied Defendant's Motion for Post Verdict Judgment of Acquittal prior to that time.

> Louisiana Code of Criminal Procedure Article 873 provides, in pertinent part:
>
> If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

Since the article does not mention a motion for post verdict judgment of acquittal, it is questionable whether a twenty-four-hour delay is required after the denial of such motion.

In *State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553, this court applied the twenty-four-

2

hour delay to a motion for post verdict judgment of acquittal but found that the error was harmless since the defendant had not challenged the excessiveness of his sentence on appeal. *See, e.g*, *State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103. Other circuits have also applied the twenty-four-hour delay of Article 873 to the denial of a post verdict judgment of acquittal. *See, e.g., State v. Henderson,* 41,657 (La.App. 2 Cir. 12/13/06), 945 So.2d 194, *writ denied,* 07-267 (La. 11/2/07), 966 So.2d 597; *State v. Coleman*, 02-345 (La.App. 5 Cir. 9/18/02), 829 So.2d 468; *State v. Coates,* 00-1013 (La.App. 1 Cir. 12/22/00), 774 So.2d 1223; *State v. Bullock*, 99-2124, 99-2125 (La.App. 4 Cir. 6/14/00), 766 So.2d 585, *writ denied*, 00-2114 (La. 5/25/01), 792 So.2d 753, and *State v. Williams*, 97-970 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086.

Even assuming the delay applies, we find that any error in this respect is harmless because Defendant does not argue excessiveness of his sentence on appeal, and he does not claim that he was prejudiced by the lack of delay. *See Boyance*, 924 So.2d 437 and *Shepherd*, 839 So.2d 1103.

### *Sufficiency of the Evidence*

Defendant argues that the evidence adduced at trial was insufficient to support his convictions. Specifically, he argues that the victim's identification of him was not credible.

This court has explained:

Because the sole testimony of the victims is sufficient under *Jackson* [*v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979)] to establish the elements of the crime, the victim's testimony proved, beyond a reasonable doubt, that an armed robbery occurred. Thus, the real issue before this court is whether the evidence is sufficient to link the Defendant to the armed robbery at Sonic Drive-In.

When a key issue at trial is whether the defendant was the perpetrator of the crime, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof beyond a reasonable doubt. *State v. Bright*, 1998-0398 (La.4/11/00); 776 So.2d 1134, 1147. The fact-finder weighs the respective credibilities of the

witnesses, and a reviewing court will generally not second-guess those determinations. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). However, the touchstone of *Jackson v. Virginia* is rationality and that "irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law." *State v. Mussall*, 523 So.2d 1305, 1310 (La.1988). The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witnesses. *State v. Hampton*, 98-0331 (La.4/23/99); 750 So.2d 867, 880.

*State v. Bedou*, 07-1395, p. 11 (La.App. 4 Cir. 5/14/08), 985 So.2d 821, 827 (quoting *State v. Holmes*, 05-1248, pp. 8-9 (La.App. 4 Cir. 5/10/06), 931 So.2d 1157, 1162).

*State v. Perry*, 08-1304, pp. 5-6 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, 346, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352.

Defendant suggests that this court should apply the test set forth in *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253 (1977): "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation."

While that test may be a useful tool for analysis, it is not *required* in the present case. The *Brathwaite* court devised the test for cases in which defendants allege that a suggestive identification procedure has been used. *Id.* Defendant does not make such an allegation in the present case. Another factor that takes this case out of the realm of *Brathwaite* is the fact that the victim had met Defendant before the crime occurred. Thus, he was not identifying a total stranger.

Although Defendant contends that the victim did not recognize him as a former co-worker, he acknowledges that the victim testified that he told the detective on the case, Stan Williams, that one of the robbers had worked at the motel.

4

Defendant's main argument is that the victim's testimony on this point does not jibe with his failure to tell the first officer on the scene, Victor Pinkney, that one of the robbers was a former motel employee. The victim did not make such a statement to the 911 operator, either, and acknowledged that he had been mistaken in thinking that he had made such an identification in his 911 call. Further, his written statement did not indicate that he recognized Defendant.

Also, Defendant suggests that the actions of the victim and Detective Williams after the offense indicated that the victim made no such identification when he initially spoke to Detective Williams. The record indicates that the victim never told anyone other than Detective Williams that one of the robbers was a former employee at the motel. Also, Detective Williams did not obtain confirmation that Defendant was a motel employee until December 2008, months after the crime. He did not obtain a written employee list until May 21, 2010.

The trial court made the following observations:

THE COURT: All right, uh, I appreciate the hard work of both attorneys who have argued their cases vigorously. And let me say that I have uh, listened very carefully to the witnesses, I have watched the demeanor of the witnesses and I find that, Mr. Seaman argued that uh, seemed to be arguing that Mr. Slater did not mention that he might have known the defendant until December but that's not accurate. I believe that Mr. Williams testified that he uh, that he told them that day that it might be someone who had worked there. So I don't find that that is persuasive at all. What Mr. Slater did in this Court's mind is not unreasonable at all. He had been through a very, very, harrowing experience. I listened to the 911 tape and of course different things were going on all at the same time. He did the best he could to give them the information that they asked for. So any failure to tell them that he might have known them is discounted entirely. Then Mr. Pinkney, I mean Officer Pinkney is the same thing, he came quickly out there got some basic information and immediately left to go and see if they could find anybody out there that matched any of the uh, of the descriptions. And immediately Mr. Stan Williams came and Stan Williams is the first person that sat down with him to try and ask him the kinds of questions that needed to be asked by an investigator and he did tell him at that time that it was someone he thought had worked there. Now, Mr. Slater was pretty consistent. There are times when Mr. Seaman asked him well don't you think your memory is better and he was very hesitant because I believe he believed that his statement was correct but of course you have to admit always that things get hazier, but he remembers what happened.

5

He remembers what happened in the incident and that's the most important thing. I think the line up was fair. It was a blank line up first and then a line up with the defendant in it. Mr. Slater clearly was able to identify him and I simply think that there, beyond a reasonable doubt the District Attorney's office has proven the case. The, the, I understand that with uh, witnesses like Mr. Slater that you're not looking at necessarily whether they're telling the truth or not, you're looking at whether they're right or not. He's a very, seems to be a very reasonable, intelligent individual, that's the way he appeared on the stand, that was his demeanor. I did not find that he hesitated. I felt like he was sure and so consequently I think that, that the District Attorney's office has proven this case to the level required under the cases that Mr. Seaman has cited. So consequently I find that he is guilty of both the Armed Robbery, he was involved, he came in, he had gloves on so there would have been no, no fingerprints anyway from him. He, uh, participated in holding the gun, and stealing the money. It was also very significant to me that there were bolt cutters that were used[1] and which means that it had to have been someone that was familiar with this particular place and the incidents at this particular uh, crime site. So it, uh, that's consistent with it being a person that had worked there as well. Uh, in addition he was the one that helped tape Mr. Slater up and is consequently guilty of the offense of False Imprisonment without, by the intentional confinement or detention of the victim without consent and proper legal authority while the offender is armed with a dangerous weapon. So he has, they have proven all of the elements of both of the crimes. So this Court does find Mr. Sherman guilty of both crimes.

Defendant is seeking to have this court second-guess the trial court's assessments of the credibility of the State's witnesses. Such a re-assessment is improper, and we are unable to conclude that the trial court's decision was erroneous. For the reason discussed, this assignment lacks merit.

*Double Jeopardy*

Defendant argues that double jeopardy occurred. Both Defendant and the State cite a case that, like the present one, involved armed robbery and false imprisonment:

> In the next assignment of error Williams, Green, and Maynor assert that they were subjected to double jeopardy when they were each convicted of both the offense of armed robbery and false imprisonment with a dangerous weapon based on the same course of conduct. We agree.
>
> A person cannot twice be put in jeopardy for the same offense. U.S. Const. amend. V; La. Const. Art. 1 § 15; La. C. Cr. P. art. 591; *State v. Knowles*, 392 So.2d 651 (La.1980). Louisiana uses both the

---

[1] During his testimony, the victim commented that he thought it was unusual that the robbers had bolt cutters because the motel safe was the only one he had ever seen with a padlock on it.

6

"Blockburger test" and the "same evidence test" in determining whether double jeopardy exists. *State v. Ceasar*, 37,770 (La.App.2d Cir.10/09/03), 856 So.2d 236. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Louisiana also uses the broader "same evidence" test which dictates that:

> If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy and a defendant can be placed in jeopardy for only one.

*State v. Steele*, 387 So.2d 1175 (La.1980); *State v. Robertson*, 511 So.2d 1237 (La.App. 2d Cir.1987), *writ denied*, 516 So.2d 366 (La.1988).

If double jeopardy is found, the proper remedy is a vacation of the conviction and sentence for the lesser-punishable offense. *State v. Price*, 39,582 (La.App.2d Cir.03/23/05), 899 So.2d 633.

While Louisiana courts have examined the double jeopardy issue regarding other combinations of crimes with armed robbery, it seems the combination of armed robbery and false imprisonment with a dangerous weapon has not been so examined for a double jeopardy violation. *See State v. Rabun*, 38,655 (La.App.2d Cir.08/18/04), 880 So.2d 184 (convictions for armed robbery and conspiracy to commit armed robbery violated double jeopardy); *State v. Robertson*, 386 So.2d 906 (La.1980) (convictions for first degree murder and armed robbery when armed robbery was the underlying offense violated double jeopardy); *State v. Joseph*, 2005-186 (La.App. 3d Cir.11/02/05), 916 So.2d 378 (convictions for armed robbery and aggravated burglary violated double jeopardy).

As already noted herein, the elements of armed robbery are (1) a taking, (2) of anything of value, (3) from the person or in the immediate control of another, (4) by the use of force or intimidation, (5) while armed with a dangerous weapon. False imprisonment while armed with a dangerous weapon is the unlawful intentional confinement or detention of another while the offender is armed with a dangerous weapon. Although no Louisiana court has considered these two crimes together, we conclude that under the *Blockburger* test, these are clearly two separate offenses. Armed robbery requires proof of a taking, which false imprisonment with a dangerous weapon does not. Conversely, false imprisonment requires proof of "confinement or detention" not required to prove armed robbery.

The same evidence test, however, is a broader test that assesses the evidence required to convict a defendant of each crime. In the case *sub judice* when the defendants are charged with both armed robbery and false imprisonment while armed with a dangerous weapon, the same evidence was indeed used to convict them of both crimes. In this case, using the principles of double jeopardy and applying them to the specific

facts of this case we find that the evidence required to support the conviction of false imprisonment while armed with a dangerous weapon would also have supported the conviction for armed robbery. Thus, under the "same evidence" test, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. When the defendants entered Norris' home armed with a dangerous weapon and forced Johnson to remain at gunpoint while they ransacked the home after taking her weapon from her person, the defendants simultaneously committed the acts which could have supported a conviction for either offense. In presenting the facts to prove one offense, the state simultaneously proved the other. Therefore, since the same evidence will support a conviction for either offense, the defendants cannot be put in jeopardy for the two separate offenses.

Because false imprisonment with a dangerous weapon is a lesser offense as compared to armed robbery, the convictions of each defendant for false imprisonment with a dangerous weapon are hereby reversed.

*State v. Williams*, 45,755, pp. 6-9 (La.App. 2 Cir. 11/3/10), 54 So.3d 1129, 1135-36,

*writ denied*, 10-2684 (La. 4/25/11), 62 So.3d 85.

The State argues that the present case is distinguishable from *Williams*. The victim in that case was apparently held at gunpoint while the robbery occurred, so the threat of the weapon constituted the sole means of confinement. In the present case, the gun was used to facilitate the binding of the victim's upper and lower limbs with duct tape. Once that was done, the tape was the means of confinement.

The State's argument requires a factual separation of the two offenses. Considering a double jeopardy claim in an earlier case, this court separated an aggravated rape and an aggravated burglary that occurred in the same criminal episode:

Under the same evidence test, if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy.

. . . .

The crimes of rape and aggravated burglary are separate and distinct offenses. Williams could be convicted of aggravated rape without proof that an aggravated burglary occurred. Additionally, he could have been convicted of aggravated burglary without proof that a rape occurred, considering the fact that he committed a battery upon H.W. when he struck her in the arm and armed himself with a club. Separate and distinct evidence was present for both crimes, and we find

8

prosecution and conviction for both offenses did not subject Williams to double jeopardy.

*State v. Williams*, 05-1338, pp. 6-7 (La.App. 3 Cir. 3/1/06), 924 So.2d 1159, 1164, *writ denied*, 06-1471 (La. 12/15/06), 944 So.2d 1284.

The supreme court has explained:

> This Court has adopted the "same evidence" test to determine the identity of offenses. This test holds that two offenses are the same for double jeopardy purposes if the same evidence is required for the conviction of each offense. If one offense requires proof of additional facts which the other does not, then the accused may be tried and convicted on both offenses unless the gravamen of the second offense is essentially included within the offense for which first tried, in which case the second prosecution is barred because of former jeopardy. *State v. Nichols*, 337 So.2d 1074 (La.1976); *State v. Didier*, 262 La. 364, 263 So.2d 322 (1972).

> In applying this test, we have stated that double jeopardy exists when the two charges arise from identical conduct. *State v. Bonfanti*, 262 La. 153, 262 So.2d 504 (1972); *State v. Didier, supra*.

> . . . .

> Therefore, it can be determined that the exact same evidence is not required for a conviction of the defendant on both the burglary and theft charges because a conviction of burglary requires the additional proof of an unauthorized entry with the intent to commit a felony or any theft therein. R.S. 14:62. Furthermore, the two charges are not based on the exact same conduct as was the case in *Bonfanti & Didier, supra*.

*State v. Solomon*, 379 So.2d 1078, 1079-80 (La.1980).

In the present case the two crimes are temporally separated because no taking occurred until after the victim was immobilized with duct tape. Although the two offenses share the common element of the use of a weapon, they are so factually distinct that the same evidence did not support a conviction for both crimes. Evidence of restraint does not support an armed robbery conviction, and evidence of a taking does not support a false imprisonment conviction. For these reasons, we find that no double jeopardy violation occurred and that this assignment lacks merit.

## DECREE

For all of the foregoing reasons, Defendant's convictions are affirmed.

**AFFIRMED.**