CHEHARDY, C.J.
On appeal, defendant's appointed appellate counsel has filed an Anders[1] brief, asserting that there is no basis for a non-frivolous appeal. Further, defendant filed a pro se supplemental brief. For the following reasons, we affirm defendant's convictions and sentences and grant counsel's motion to withdraw.
Facts and Procedural History
Because defendant pled guilty, the facts of this case were not fully developed at a trial. Nevertheless, the record before this Court reveals that, on or about May 15, 2015, in Jefferson Parish, Royal Stevens, defendant herein, violated La. R.S. 14:64 and La. R.S. 14:64.3(A), in committing four counts of armed robbery by robbing Kelly Waggenspack, Deondria Young, Regina Crabtree, and Michael Harleton while armed with a firearm. During the plea colloquy, the State provided the following factual basis, to which defendant admitted:
If the state would have proceeded to trial in case 15-3263, it would have proven beyond a reasonable doubt that the defendant Royal Stevens, while in Jefferson Parish on May 15th, 2015, did violate Louisiana Revised Statute 14:64 four times in that he committed the armed robbery of Deondria Young, Regina Crabtree, Michael Harleton and Kelly Waggenspack, in violation of Louisiana Revised Statute 14:64.3, in that he was armed with a firearm.
On March 8, 2017, the Jefferson Parish District Attorney filed an amended bill of information charging defendant with four counts of armed robbery, in violation of La. R.S. 14:64 and La. R.S. 14:64.3(A).[2] On March 14, 2017, defendant withdrew his pleas of not guilty and pled guilty as charged to all four counts. In accordance *779 with the plea agreement set forth in the record, the trial court sentenced defendant, for each count of armed robbery, to thirty-five years at hard labor with a consecutive five-year enhancement for use of a firearm, without benefit of parole, probation, or suspension of sentence, to run concurrently.
On March 26, 2018, defendant filed an Application for Post-Conviction Relief ("APCR"), which the trial judge construed as a request for an out-of-time appeal and granted. This appeal follows.
Anders
Under the procedure adopted by this Court in State v. Bradford ,[3] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders , supra , and State v. Jyles ,[4] appointed counsel requests permission to withdraw as counsel of record.
In Anders ,[5] the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw."[6]
In Jyles ,[7] the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration."[8]
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[9] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing *780 legal points identified by the court, or grant the motion and appoint substitute appellate counsel.[10]
Discussion
Defendant's appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel avers that, before accepting defendant's guilty plea to four counts of armed robbery with a firearm, the trial court explained to defendant the legal consequences of his pleas and the rights necessary to ensure a knowing and intelligent waiver of rights. She also states that the trial court informed defendant of the actual sentences that would be imposed. Further, defendant was sentenced in conformity with the plea agreement. As such, counsel maintains that defendant is now restricted by law from appealing his sentences.
The State responds that a review of counsel's brief and the record shows that counsel has "cast an advocate's eye" over the record and properly concluded that there are no non-frivolous issues to raise on appeal. It also responds that counsel has properly complied with the procedure set forth in Anders and Jyles and should be granted permission to withdraw.
The State notes that a review of the Boykin colloquy shows that the trial court properly and thoroughly explained to defendant the rights he was waiving by pleading guilty. It further notes that the record indicates that the trial court ensured that defendant understood what his sentences would be should he enter his guilty pleas. The State asserts that the record shows that defendant executed a Boykin[11] form detailing his rights and was represented by counsel during that proceeding. It agrees with counsel that defendant's sentencing was in accordance with the terms of his plea agreement.
Appellate counsel has filed a motion to withdraw as attorney of record which states she has prepared an Anders brief and notified defendant of the filing of the motion and his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until July 31, 2018, to file a pro se supplemental brief. Defendant filed a pro se brief on August 20, 2018, and his assigned errors are reviewed below.
Most importantly, our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. First, the amended, superseding bill of information in this case properly charged defendant and plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally , La. C.Cr.P. arts. 464 -66.
Next, the minute entries and commitment reflect that defendant and his counsel were present at each stage of the proceedings, including his arraignment, his guilty plea proceeding, and his sentencing. As such, there are no appealable issues arising out of defendant's presence, or lack thereof.
Further, defendant pled guilty as charged to the amended superseding bill of information. Where, as here, a defendant enters unqualified guilty pleas, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects *781 either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Furthermore, defendant did not reserve his right to appellate review of any pre-trial rulings under State v. Crosby , 338 So.2d 584 (La. 1976). Although defendant filed omnibus pre-trial motions, the trial judge did not rule on any of those motions prior to defendant pleading guilty. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
Further, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. Id.
Our review reveals no constitutional infirmity in defendant's guilty pleas. During the guilty plea proceeding, defendant was informed in writing through the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to four counts of armed robbery with a firearm. Further, on the waiver of constitutional rights form and during the colloquy with the trial judge, defendant was advised of his Boykin rights - his right to a trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
In this case, the waiver of rights form reflects that, at the time of his guilty plea, defendant was 40 years old, had obtained a GED, and could read and write the English language. The waiver of rights form was signed by defendant, his counsel, and the trial judge. Defendant acknowledged on the record that he had gone over the form with his counsel and understood it.
Additionally, during the colloquy and on the waiver of rights form, defendant was advised that, if he was convicted of armed robbery, the maximum sentence he would face was ninety-nine years at hard labor. Further, defendant was advised on the waiver of rights form and by the trial judge of the actual sentence -- thirty-five years with a five year enhancement -- that would be imposed if defendant pled guilty.
Although the trial judge did not inform defendant of the minimum sentences on each count, this is harmless error. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60. Here, the trial judge's failure to inform defendant of the minimum sentence of not less than ten years did not prejudice defendant because he knew the sentences he would receive, and he received those sentences. The advisement *782 of the agreed upon sentences is sufficient for compliance with La. C.Cr.P. art. 556.1. Id. at 64.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter a guilty plea. Defendant indicated that he was satisfied with the representation of his attorney and understood the nature of the offense. Defendant further indicated that he understood the possible legal consequences of pleading guilty, and wished to plead guilty at that time. After a thorough examination, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily tendered.
Furthermore, defendant's sentences were imposed pursuant to the plea agreement set forth in the record. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which is set forth in the record at the time of the plea. State v. Fifi , 12-158 (La. App. 5 Cir. 10/16/12), 102 So.3d 970, 974 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, defendant's sentences fall within the statutory sentencing ranges. See La. R.S. 14:64 ; La. R.S. 14:64.3. In addition, defendant's plea agreement was beneficial to him in that the State agreed not to file a multiple bill, which could have increased defendant's sentencing exposure.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw.
Pro se Assignments of Error [12]
Defendant argues that his guilty pleas were not knowingly, intelligently, and voluntarily made because they were induced by a multiple bill of information that violated federal and state constitutional prohibitions against double jeopardy. He contends that this is not a case where four separate and distinct armed robberies occurred. Rather, defendant argues that this was the single robbery of a pharmacy where the perpetrators demanded money and narcotics from the pharmacy's cashier. He notes that, in the process, other employees present were ordered to assist the cashier in placing the narcotics inside of cardboard boxes. Defendant states that La. R.S. 14:64 provides that armed robbery is the taking of something of value from another. He maintains that only one count of armed robbery was committed since no separate or distinct items of value were taken from the other three employees.
Further, defendant argues that the evidence used to prove the "thing of value" element (cash and narcotics) cannot be the exact same evidence used to obtain a conviction in the other three counts. He contends that the subsequent three counts of the bill of information charge violations of the same statute. Defendant also contends that elements and facts of each separate count are identical to those in all other counts and that each count recites the same prohibited conduct. He submits that the illegal charging of four separate counts based on a single offense wrongfully exposed him to a penalty three times worse than that which he could have legally received.
Defendant asserts that the double jeopardy violation incorrectly led him to believe that he was minimizing his risk exposure by pleading guilty. He argues that *783 instead of risking the possibility of four consecutive ninety-nine year sentences, he opted to plead guilty and receive four concurrent forty-year sentences. Defendant contends that but for the illegal bill of information, he would not have pled guilty and would have insisted on going to trial.
La. C.Cr.P. art. 591 provides, in pertinent part: "[n]o person shall be twice put in jeopardy of life or liberty for the same offense ...." The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution, prohibit placing a person twice in jeopardy for the same offense. State v. Fairman , 15-67 (La. App. 5 Cir. 9/23/15), 173 So.3d 1278, 1289, writ not considered , 15-2067 (La. 3/14/16), 188 So.3d 1069. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong. Id.
Double jeopardy may be raised at any time pursuant to La. C.Cr.P. art. 594. State v. Anderson , 10-779 (La. App. 5 Cir. 3/27/12), 91 So.3d 1080, 1088. A double jeopardy analysis begins with the inquiry as to whether a single offense or several offenses are involved. Fairman , 173 So.3d at 1289. It is well-settled that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols , 337 So.2d 1074, 1078 (La. 1976) ; Anderson , 91 So.3d at 1089.
Louisiana courts previously utilized two tests to analyze double jeopardy claims: (1) the "distinct fact" or Blockburger test, set forth in Blockburger v. United States , 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ; and (2) the "same evidence" test. Fairman , 173 So.3d at 1289. However, the Louisiana Supreme Court has recently held that Louisiana courts are bound only to apply the standard established by the U.S. Supreme Court in Blockburger, supra , to protect against double jeopardy and can dispense with Louisiana's separate "same evidence" test. State v. Frank , 16-1160 (La. 10/18/17), 234 So.3d 27.
Under the Blockburger test, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Blockburger , 284 U.S. at 304, 52 S.Ct. 180 ; State v. Knowles , 392 So.2d 651, 654 (La. 1980).
An unqualified guilty plea does not preclude appellate review of jurisdictional defects, such as violations of the Double Jeopardy Clause. State v. Crosby , supra. A court considering a double jeopardy challenge entered pursuant to unconditional guilty pleas, however, should engage in a limited review of only the charging documents and plea colloquy. State v. Arnold , 01-1399 (La. 4/12/02), 816 So.2d 289 ; State v. Miller , 12-126 (La. App. 5 Cir. 10/16/12), 102 So.3d 956, 961-62, writ denied , 12-2487 (La. 5/31/13), 118 So.3d 388.
In the instant case, we find that no double jeopardy violation occurred. The amended bill of information and the plea colloquy indicate that defendant committed armed robbery against four different victims on the same date. An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. See Nichols, supra ; State v. Jackson , 99-1256 (La. App. 5 Cir. 7/25/00), 767 So.2d 848, 853 *784 (defendant convicted of multiple counts of armed robbery that occurred during one card game was not subject to double jeopardy since a separate act and separate intent were required as to each victim and different evidence was needed to prove each of the charges.) Further, as previously noted, the record indicates that defendant's guilty pleas were knowingly, intelligently, and voluntarily made. In light of the foregoing, we find that defendant's guilty pleas were valid and that there was no double jeopardy violation.
Errors patent
Finally, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). We have found no errors patent that require correction.
Conclusion
For the foregoing reasons, defendant's convictions and sentences are affirmed. Further, since appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
AFFIRMED; MOTION TO WITHDRAW GRANTED.

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Initially, the Jefferson Parish District Attorney filed a bill of information on July 24, 2015, charging defendant, with four counts of armed robbery with a firearm while inflicting serious bodily injury in violation of La. R.S. 14:64.3. On September 23, 2016, the district attorney's office filed a superseding bill of information charging defendant with four counts of armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3(A), and deleting the element of serious bodily injury on each count.

95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. The Bradford Court adopted its procedure from that of the Fourth Circuit, set forth in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins , 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

704 So.2d at 241.

Id.

Bradford , supra at 1110.

Id.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The assignments are addressed together because they are related.